**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MYRNA I. JOHNSON,

        Plaintiff - Appellee,

  v.

FRED MEYER STORES, INC.,

        Defendant - Appellant.

No. 08-35928

D.C. No. 1:04-cv-00008-RRB

MEMORANDUM[*]

MYRNA I. JOHNSON,

        Plaintiff - Appellant,

  v.

FRED MEYER STORES, INC.,

        Defendant - Appellee.

No. 08-35931

D.C. No. 1:04-cv-00008-RRB

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted July 13, 2010
Seattle, Washington

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: RYMER and N.R. SMITH, Circuit Judges, and WALTER, Senior District Judge.[**]

Fred Meyer Stores, Inc. appeals the jury verdict and entry of judgment in favor of Myrna I. Johnson. Johnson cross appeals. We have jurisdiction over the district court's final judgment pursuant to 28 U.S.C. § 1291, and we affirm in part (on the cross-appeal) and reverse in part (on the appeal).

I

Johnson's federal claims having been dismissed, the only claim remaining for trial was breach of the implied covenant of good faith and fair dealing arising under state law.[1] On it, just the subjective prong was tried. The district court correctly instructed that an employer violates the covenant when it acts with improper motive or in bad faith. However, the court applied Alaska law too broadly by also instructing that it is breach "if a supervisor terminates an employee for the purpose of hiring another employee for whom he had a hoped for romantic interest." In effect, this part of Instruction 17 directed the verdict, inappropriately in our view, given that Alaska has recognized subjective breach only when an

---

[**] The Honorable Donald E. Walter, Senior United States District Judge for Western Louisiana, sitting by designation.

[1] The court could have declined supplemental jurisdiction over this claim under 28 U.S.C. § 1367(c). Given the novelty of the state law issue, it would be preferable for the courts of Alaska to address it.

employee has been terminated for the purpose of depriving her of a contract

benefit. *See Chijide v. Maniilaq Ass'n of Kotzebue*, 972 P.2d 167, 172 (Alaska

1999); *Mitford v. de Lasala*, 666 P.2d 1000, 1007 (Alaska 1983). While the

covenant may not necessarily be limited to these circumstances alone, no Alaska

case has found a subjective breach outside of this context, *see, e.g., Era Aviation,*

*Inc. v. Seekins*, 973 P.2d 1137, 1141 (Alaska 1999), and none suggests that

discharging an at-will employee on account of personality preferences would

breach the covenant's subjective prong. *Id*. at 1141 & n.29. Thus, we believe the

Alaska Supreme Court would conclude that the second half of Instruction No. 17

should not have been given.


II

Johnson argues on cross appeal that it is a public policy tort for a supervisor

to arrange an employee's termination to replace her with another with whom he

wishes to pursue a romantic relationship. Public policy torts exist separately from

the covenant of good faith and fair dealing. *See Kinzel v. Discovery Drilling, Inc.*,

93 P.3d 427, 432 (Alaska 2004). But no matter how infelicitous San Miguel's

alleged behavior may seem, Alaska evidences no such policy in its common law,

3

statutes or constitution. *See Luedtke v. Nabors Alaska Drilling, Inc*, 768 P.3d 1123, 1130-31 (Alaska 1989).

### III

We therefore affirm on the cross appeal. We reverse the judgment in favor of Johnson for instructional error, and remand. On remand, the court may wish to consider its discretion with respect to retaining supplemental jurisdiction.

REVERSED AND REMANDED.

*Johnson v. Fred Meyer Stores, Inc.*, Nos. 08-35928, 09-35931

N.R. Smith, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority to affirm on the cross appeal and, therefore, join Part II of the majority's memorandum disposition. However, because I believe the district court erred by not setting aside the jury verdict, I do not believe it necessary to address the issues presented in Part I of the majority's memorandum disposition. I therefore dissent from the majority's decision to remand the case back to the district court and would simply reverse the district court's decision to not grant defendant's motion for judgment as a matter of law outright.

In sum, the district court should have set aside the jury verdict in favor of Johnson, because no reasonable jury could have found that Johnson was fired due to Jamie San Miguel's allegedly improper motives. San Miguel did not fire Johnson; rather, Mary Lucas, the Human Resources supervisor, did. Lucas did so without any input from San Miguel. There is no evidence in the record that Lucas knew anything about San Miguel's allegedly improper motives. Indeed, Lucas fired Johnson purely on the basis that Johnson—after being warned that walking out of a meeting early would result in termination—left the meeting anyways. Thus, San Miguel's allegedly improper motives played no part in Lucas's decision to fire Johnson. Johnson cites no Alaska law that would suggest that San Miguel's allegedly improper motives can be imputed to Lucas in this situation.

The majority remands this case back to the district court, where the district court may order a new trial. Because I think the district court should have granted defendant's motion for judgment as a matter of law, I would not reach the issue of whether the district court misapplied Alaska law by giving the second part of Jury Instruction No. 17. I therefore dissent from Part I of the majority's memorandum disposition.